IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIETZ & WATSON, INC. | : | CIVIL ACTION |
| v. | : | |
| LIBERTY MUTUAL INSURANCE COMPANY and LIBERTY MUTUAL FIRE INSURANCE COMPANY | : : | NO. 14-4082 |

### MEMORANDUM ORDER

AND NOW, this 6th day of April, 2015, upon consideration of Liberty Mutual Insurance Company's and Liberty Mutual Fire Insurance Company's ("defendants") Motion to Compel (Doc. No. 41), plaintiff Dietz & Watson, Inc.'s ("D&W") response (Doc. No. 46), D&W's Motion to Permit the Filing of Confidential Documents under Seal ("Motion to File under Seal," Doc. No. 47), and defendants' reply (Doc. No. 48), it is hereby

### ORDERED

that the Motion to Compel (Doc. No. 41) is **DENIED AS MOOT**. Alan Milstein, Esquire and Thomas A. Lynam, III, Esquire both represent to this court that they have produced <u>all</u> documents, including emails and attachments, responsive to defendants' document requests directed to their respective law firms. See Response at 19, 21, and Ex. 10. D&W's counsel represents that D&W "produced what it retained from the Fernandez action to Mr. Milstein, who provided [defendants] his and D&W's complete files from that action." (Response at 22.) The court assumes that this includes all emails and attachments sent and received by D&W employees which have been requested by defendants. This assumption is supported by Exhibit D attached to defendants' Reply Memorandum (Doc. No. 48, email from Colleen Malony, a

paralegal employed by D&W to Mr. Milstein, representing that she forwarded to Mr. Milstein "all emails . . . and [D&W's] entire Fernandez file"). The court understands Mr. Milstein as representing to this court that all of these documents from D&W have been produced to defendants. Defendants question this representation. They assert, inter alia, that Mr. Milstein has produced no emails or other documents dated after September 19, 2013. Several significant events relevant to this litigation occurred after this date, including the trial of the underlying litigation, the September 25, 2013 settlement, the October 1, 2013 release, and the November 21, 2013 contingency fee agreement. (Reply at 4.) Defendants also state that most of the emails in Mr. Milstein's latest production do not include the noted attachments. Id. To address this uncertainty, the court hereby **ORDERS** Messrs. Milstein and Lynam to review their productions and send a letter to defendants and the court confirming their complete compliance with the discovery requests within ten (10) days from the date of this Order.

Defendants' request for an award of attorney fees incurred in preparing the Motion to Compel is **DENIED**. The court accepts D&W's former and current counsels' representations that D&W and its attorneys earlier had produced all discovery requested by defendants in the Motion to Compel, with the exception of documents which indisputably were subject to the attorney-client privilege. These privileged documents later were produced after the filing of the Motion to Compel. The court finds that D&W's initial refusal to disclose the privileged documents was substantially justified. See Fed. R. Civ. P. 37(a)(5)(A)(ii).

In Pennsylvania, the attorney-client privilege is "the most revered of our common law privileges." Commonwealth v. Maguigan, 511 A.2d 1327, 1333 (Pa. 1986). "Generally, attorneys have a duty not to disclose the confidences of their clients." Prudential Ins. Co. of Am.

v. Massaro, 47 F.App'x 618, 619 (3d Cir. 2002) (not precedential).  Because the privilege belongs to the client, "[a]n attorney may not waive the privilege without her client's consent."  In re von Bulow, 828 F.2d 94, 100 (2d Cir. 1987).  See also Shamokin v. West End Nat. Bank, 1982 WL 617, at *1 (Pa. Com. Pl. May 21, 1982) (same).  Given the importance of the central issue raised in the Motion to Compel, i.e., whether there was a waiver of the attorney-client privilege by nonfeasance of its former and current attorneys, D&W was substantially justified in opposing the disclosure of attorney-client communications.  See Frazier v. Southeastern Pennsylvania Trans. Auth., 161 F.R.D. 309, 314 (E.D. Pa. 1995) (refusing to impose Rule 37 sanctions when issue was serious and opposition to discovery request "was not completely without basis in the law"); 8B Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure, § 2288 at 526 (West 2010) (opposition to discovery request is "substantially justified if reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule").  The court finds that reasonable people could disagree on whether D&W waived the attorney-client privilege under all the circumstances.[1]  The court does not construe the belated

---

[1]     Compare Nat'l R.R. Passenger Corp. v. Fowler, 788 A.2d 1053, 1061 (Pa. Commw. Ct. 2001) (attorney-client privilege "is not waived by the untimely filing of an objection to a discovery request when counsel fails to timely raise that issue.  In such an instance, it is counsel who should be penalized, not the client who holds the privilege."), with Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 529 (E.D. Pa. 1999) ("[W]hen a party fails to serve objections to interrogatories and/or document requests within the time required, in absence of good cause or of an extension of time to do so, they have generally waived the right to raise objections later.  Even an objection that information sought is privileged is waived if not timely stated and it is within the court's discretion to determine whether the privilege has been properly invoked.") (citations omitted).

decision to produce the privileged documents as an admission by D&W that its position was not substantially justified.

   It is **FURTHER ORDERED** that D&W's Motion to File under Seal (Doc. No. 47) is **GRANTED**.

              BY THE COURT:

                /s/ Thomas J. Rueter
               THOMAS J. RUETER
               United States Magistrate Judge