IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIETZ & WATSON, INC. | : | CIVIL ACTION |
| v. | : | |
| LIBERTY MUTUAL INSURANCE | : | |
| COMPANY and LIBERTY MUTUAL | | |
| FIRE INSURANCE COMPANY | : | NO.  14-4082 |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                   May 5, 2015
United States Magistrate Judge

I.     **Background**

Presently before the court is Liberty Mutual Insurance Company's and Liberty

Mutual Fire Insurance Company's ("defendants") renewed request: (1) to compel plaintiff Dietz

& Watson, Inc. ("D&W") to respond completely to their First Set of Requests for Production

Directed to Plaintiff Dietz & Watson, Inc. (Defs.' Motion to Compel, Ex. P (Doc. No. 41)); (2) to

compel D&W's former counsel, Alan Milstein, Esquire of Sherman, Silverstein, Kohl, Rose &

Podolsky, P.A. ("Sherman Silverstein") to respond completely to the discovery request directed

to him, id., Ex. L; and (3) for sanctions.

This is an action for bad faith under Pennsylvania law, 42 Pa. Cons. Stat. Ann. §

8371 (West 2014), filed by D&W against defendants.  The case stems from an underlying state

court action (the "Underlying Litigation") wherein an individual named Javier Fernandez sued

D&W and another defendant for damages relating to a work place injury.  Defendants provided

insurance coverage to D&W for the claim and provided a defense in the Underlying Litigation

under a reservation of rights letter.  Defendants reserved their right to disclaim coverage on a

claim for punitive damages.  At the start of the trial in state court in September 2013, Mr.

Fernandez settled his claims against D&W for $2.5 million, which consisted of a payment of

$1,750,000 from defendants and $750,000 from D&W.  At the time of the settlement, Mr.

Fernandez was represented by the law firm of Villari Lentz & Lynam, LLC, counsel to D&W in

the present litigation.  Mr. Milstein also entered an appearance on behalf of D&W in the

Underlying Litigation.  At the time of the settlement, then counsel for D&W, Mr. Milstein,

reached an agreement with Mr. Fernandez's counsel, Messrs. Lynam and Villari, whereby they

would represent D&W in a bad faith action against defendants and Mr. Fernandez would receive

the first $250,000 from any monies obtained from defendants in the bad faith action.

Furthermore, at the time of the settlement, Mr. Fernandez withdrew his claim for punitive

damages against D&W.

        In this bad faith action, D&W's primary claim is that defendants failed to engage

in good faith settlement negotiations in the Underlying Litigation.  In particular, D&W alleges

that defendants unreasonably refused to pay more than $1,750,000 to settle the Underlying

Litigation and thereby forced D&W to use its own monies to complete the settlement.  In

defense, defendants assert, inter alia, that D&W's settlement payment was a voluntary payment

not covered by the applicable insurance policies and D&W acted in bad faith by colluding with

Mr. Fernandez and his counsel, D&W's present counsel, to settle the Underlying Litigation in

order to pursue the instant bad faith litigation.

## II.     Discovery Dispute

        This continuing dispute concerns D&W's response to defendants' request for

production of documents and the responses of D&W's former counsel, Mr. Milstein, to the

2

discovery requests directed to it (collectively, the "Requests for Production"). The Requests for Production were served upon D&W and Mr. Milstein, respectively, on December 1, 2014 and October 10, 2014 (Motion to Compel Exs. L and P). The parties have been unable to resolve their disputes as to whether D&W and its former counsel have responded properly to the Requests for Production.[1] Defendants filed a Motion to Compel (Doc. No. 41). By Order dated April 6, 2015 ("April 6, 2015 Order," Doc. No. 49), this court denied as moot defendants' Motion to Compel. The court based this decision on, inter alia, the representations of D&W's current counsel in this litigation, Thomas A. Lynam, III, Esquire, and D&W's former counsel, Mr. Milstein (hereinafter, Messrs. Lynam and Milstein shall be collectively referred to as "D&W's Counsel"), that "they produced all documents, including emails and attachments, responsive to defendants' document requests directed to their respective law firms." (April 6, 2015 Order at 1 (emphasis in original).) Because of uncertainties regarding the completeness of D&W's production, the court ordered "Messrs. Milstein and Lynam to review their productions and send a letter to defendants and the court confirming their complete compliance with the discovery requests."[2] Id. at 2.

_____

[1] Defendants also directed a subpoena and discovery requests to the Villari, Lentz & Lynam law firm (Motion to Compel Ex. F). Defendants do not seek relief with respect to this subpoena. See Defs.' April 20, 2015 Letter at 7 (defendants seek relief against D&W and Sherman Silverstein).

[2] The "uncertainties" identified by defendants included, inter alia, that no emails or documents dated after September 19, 2013 were produced despite several significant events relevant to this litigation occurring after that date, including the trial of the Underlying Litigation, the September 25, 2013 settlement, the October 1, 2013 release, and the November 21, 2013 contingency fee agreement. Defendants also noted that most of the emails in Mr. Milstein's latest production did not include the stated attachments. (April 6, 2015 Order at 2.)

3

By letter dated April 16, 2015, Mr. Lynam confirmed that "all documents responsive to the Defendants' requests have been produced."  ("D&W's April 16, 2015 Letter," Doc. No. 55.)  Mr. Milstein did not furnish a separate confirmation letter to the court, but Mr. Lynam, in D&W's April 16, 2015 Letter, also confirmed the compliance of Sherman Silverstein with the discovery request directed to it.  See id. at 1.  Unfortunately, rather than settle the matter, D&W's April 16, 2015 Letter highlighted an issue that defendants have pursued repeatedly.  D&W's Counsel were careful to report that "to the best of our knowledge, all documents responsive to Defendants' requests have been produced."  Id.  However, in footnote 2 of that Letter, D&W's Counsel stated as follows:

> Not all documents in this time period [after September 19, 2013] are subject to discovery, nor were they all requested.  The underlying Fernandez case settled at trial on September 25, 2013.  Immediately thereafter, on the record before Judge DiVito, Villari, Lentz & Lynam, LLC was retained by Dietz & Watson, Inc.  That date, September 25, 2013, marked the conclusion of the underlying lawsuit and the beginning of a new representation regarding this current action.  Communications between Dietz & Watson, Inc. and counsel regarding the prosecution of this bad faith action are both privileged and beyond the scope of the Liberty document requests regarding the underlying litigation.

Id. at 2 n. 2.  From this footnote, it has become clear that there are documents that D&W and/or D&W's Counsel have not produced based on their claim that the documents are beyond the scope of the Requests for Production.  Also, within this group of withheld documents is a subset of documents which D&W's Counsel contends are subject to the attorney-client privilege.  In letters dated April 20 and 21, 2015 ("Defs.' April 20, 2015 Letter" (Doc. No. 59) and "Defs.' April 21, 2015 Letter," Doc. No. 62), defendants again moved to compel production of the withheld documents and requested that sanctions be imposed.

III.    **Discussion**

    A.    **Scope of Defendants' Requests for Production**

        D&W and D&W's Counsel contend that the Requests for Production are limited to the Underlying Litigation.  See D&W's April 16, 2015 Letter at 2 n. 2.  D&W's Counsel reaffirmed this position in D&W's April 20, 2015 letter, in which Mr. Lynam stated that "[t]hat period of time, [from the date we were retained on the record to the date of the executed Contingency Agreement], is clearly beyond the scope of Liberty's document request."  ("D&W's April 20, 2015 Letter," Doc. No. 60.)

        This court has reviewed the Requests for Production, and finds the scope of these requests is much broader than the interpretation espoused by D&W's Counsel.  As identified by defendants in their letter dated April 20, 2015, paragraphs 1 through 5, 18 through 20, and 25 of the discovery request directed to D&W, clearly seek documents relating to the instant bad faith litigation, not just the Underlying Litigation.[3]  In particular, and without limitation, paragraphs one, nineteen, twenty and twenty-five of this discovery request seek:

> (1) All documents and communications relating to the Underlying Lawsuit, the settlement of the Underlying Lawsuit, or any other contemplated action(s) relating to the Underlying Lawsuit.
>
> (19) All documents and communications regarding Your decision to file an action for "bad faith" against Liberty Mutual.

---

[3]    Defendants note that they "specifically requested" these documents from Sherman Silverstein, as well as from D&W.  See Defs.' April 20, 2015 Letter  at 4 (citing Motion to Compel Ex. L).  The discovery request directed to Sherman Silverstein is not identical to that directed to D&W.  However, paragraph three of the Sherman Silverstein discovery request includes the same broad language as in paragraph 1 of the D&W discovery request.  (Motion to Compel Exs. L and P.)

(20) Each and every statement or communication relating to any allegation or claim made in the above-captioned lawsuit.

(25) All documents within the custody, control, or possession of any employee, former employee, agent or other person associated with You who has knowledge of the Underlying Lawsuit or the above-captioned lawsuit.

These requests clearly seek documents relating to the instant bad faith litigation and to D&W's decision to bring this litigation.  The instant bad faith litigation, without doubt, is a "contemplated action[] relating to the Underlying Lawsuit."  Also, contrary to the position of D&W's Counsel, there is no end date in the Requests for Production.  Although defendants identify September 19, 2013 to November 21, 2013, as the "critical . . . time frame," see Defs.' April 20, 2015 Letter at 4, this court agrees with defendants that the Requests for Production, by their plain terms, encompass this time frame and before and beyond.  The Requests for Production contain no limiting time period.  There is "no ambiguity, obscure language, or room for misunderstanding" in the Requests for Production.  Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 914 F. Supp. 1172, 1175 (E.D. Pa. 1996).  Furthermore, D&W and D&W's Counsel never objected to the Requests for Production on relevance grounds.  See Motion to Compel Exs. Q and M.  The court previously determined that information related to this time period is relevant to defendants' assertions that D&W made a voluntary payment without the insurer's consent and acted in bad faith by colluding with Mr. Fernandez and his counsel to set up a bad faith claim against defendants.  See Dietz & Watson, Inc. v. Liberty Mut. Ins. Co., 2015 WL 356949, at *9 (E.D. Pa. Jan. 28, 2015).

D&W's Counsels' implausible interpretation of the scope of the Requests for Production is unsupported by the plain language of the discovery requests and by logic.  The

court rejects the argument that D&W and D&W's Counsel may withhold the documents at issue herein because they are beyond the scope of the Requests for Production.

### B.   Waiver of Attorney-Client Privilege

Within this set of documents withheld by D&W and D&W's Counsel on the basis that they are beyond the scope of the Requests for Production, is a smaller subset of documents which D&W asserts are subject to the attorney-client privilege.  D&W contends that "[c]ommunications between [D&W] and counsel regarding the prosecution of this bad faith action are . . . privileged."  (D&W's April 16, 2015 Letter at 2 n. 2.)  See also D&W's April 20, 2015 Letter at 1 (same).  Defendants assert that the attorney-client privilege was waived when D&W failed to assert it at any time during this protracted discovery process, and/or when D&W disclosed other allegedly privileged documents.  (Defs.' April 20, 2015 Letter at 4-6.)  Defendants bear the burden of proof as to waiver.  Rhoads Ind., Inc. v. Building Materials Corp. of Am., 254 F.R.D. 216, 223 (E.D. Pa. 2008).

The court finds that D&W, on multiple occasions, intentionally waived any claim of attorney-client privilege with respect to the documents at issue herein.  First, D&W did not assert the attorney-client privilege in response to the Requests for Production.  See Motion to Compel Exs. Q and M.  Second, D&W did not assert the attorney-client privilege in response to the Motion to Compel.  See Pl.'s Resp. to Motion to Compel (Doc. No. 46).  Third, after defendants' Motion to Compel was filed, D&W's Counsel produced the documents allegedly subject to the privilege, but never objected on the grounds of the attorney-client privilege as to any other documents intentionally withheld that clearly were responsive to the Requests for Production.  See id. at 19.  The court also afforded D&W's Counsel a final opportunity to review

their production and confirm compliance with the Requests for Production.  (April 6, 2015 Order

at 2.)  Mr. Lynam confirmed D&W's compliance and that of Sherman Silverstein and, for the

first time, identified documents that were being withheld on the grounds of scope and attorney-

client privilege.  D&W again did not file a privilege log.

               D&W and D&W's Counsel, despite several opportunities to do so, after being

informed by the court in its January 28, 2015 Memorandum of Decision that this information is

relevant, see Dietz & Watson, Inc., 2015 WL 356949, at *9, and after leave of this court to

review their production, never properly claimed the privilege by describing the nature of the

withheld documents as required by Fed. R. Civ. P. 26(b)(5)(A), 45(e)(2).  See also Fed. R. Civ.

P. 34(b)(2); Sheehan v. Mellon Bank, N.A., 1996 WL 243470, at *1 (E.D. Pa. May 8, 1996)

("Claims of attorney-client privilege must be asserted document by document, rather than as a

single blanket assertion.") (quotation omitted).  Despite much discussion regarding the

applicability of the attorney-client privilege as to defendants' discovery requests in connection

with defendants' Motion to Compel and the April 6, 2015 Order, D&W and D&W's Counsel still

claimed no privilege and produced no privilege log and, in fact, represented that all documents

subject to the attorney-client privilege had been produced.  See D&W's April 16, 2015 Letter at 1

n.1 (Mr. Lynam admits that "Mr. Milstein's privileged communications with [D&W] were . . .

produced.  Although privileged, these communications were produced in an effort to demonstrate

the absence of collusion. . . ..").  Again, despite numerous opportunities to do so and despite

defendants' Motion to Compel in which they protested that D&W was withholding documents

within the scope of the Requests for Production, D&W and D&W's Counsel never supplemented

the responses to the Requests for Production as required by Fed. R. Civ. P. 26(e).  For all these

reasons, the court finds that D&W repeatedly waived the attorney-client privilege as to the improperly withheld documents at issue herein.  See Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 529 (E.D. Pa. 1999) ("[W]hen a party fails to serve objections to interrogatories and/or document requests within the time required, in absence of good cause or of an extension of time to do so, they have generally waived the right to raise objections later.  Even an objection that information sought is privileged is waived if not timely stated and it is within the court's discretion to determine whether the privilege has been properly invoked.") (citations omitted); Massachusetts Sch. of Law at Andover, Inc., 914 F. Supp. at 1178 (Judge Ditter ruled that by failing to provide a privilege log in compliance with rules of civil procedure, plaintiff waived its right to later question the specificity of defendant's document request and defendant's motion to compel, noting that "a lawyer does not act in good faith when he tries to justify ignoring discovery requests and court orders with an objection which, to that point, he has kept to himself. Discovery is not poker where the cards are turned up one at a time.").  See also Rhoads Ind., Inc., 254 F.R.D. at 221 ("[F]ailure to assert a privilege properly may amount to a waiver of that privilege.") (quotation omitted); Greene, Tweed of Delaware, Inc. v. Dupont Dow Elastomers, L.L.C., 202 F.R.D. 418, 423 (E.D. Pa. 2001) ("A proper claim of privilege requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality."); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 661 (D.Kan. 1999) (failure of party to rely upon objection of attorney-client privilege in opposing motion to compel precluded it from relying upon such objection in response to motion for sanctions); Int'l Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 94 (D.Del.

1974) ("An improperly asserted claim of privilege is no claim of privilege at all.") (citations omitted).

This court has not reached the conclusion that the attorney-client privilege is waived lightly. See April 6, 2015 Order at 2-3 (discussing importance of the attorney-client privilege). The court finds, however, that D&W's Counsel acted with an intent to thwart production by stating that they produced all documents responsive to defendants' discovery requests based upon an unreasonable interpretation of the Requests for Production that ignores the clear language of the Requests. D&W and D&W's Counsel did not identify the withheld documents until ordered by the court to certify that they made a full and complete production. D&W and D&W's Counsel did not make one isolated error, such as mistakenly filing a privilege log in an untimely manner. Rather, counsel engaged in a series of calculated and deliberate failures to comply with the rules.[4]

As an alternative argument, defendants assert that by producing some privileged documents, D&W waived its claim to privilege with respect to all documents. The Third Circuit Court of Appeals addressed this issue and concluded as follows:

---

[4]     Another of the "uncertainties" identified by the court in the April 6, 2015 Order, was defendants' assertion that "most of the emails in Mr. Milstein's latest production do not include the noted attachments." (April 6, 2015 Order at 2.) Mr. Lynam admits that "any of Mr. Milstein's email attachments, while perhaps not printed in sequence behind the corresponding email, were otherwise produced within the voluminous documents previously produced by Dietz & Watson in this litigation." (D&W's April 16, 2015 Letter at 2.) Production in this manner clearly violates the mandates of Fed. R. Civ. P. 34(b)(2)(E) and 45(e)(1)(A), which require that "[a] person responding to a subpoena to produce documents, must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Producing copies of emails without the noted attachments and reporting that such attachments are otherwise somewhere within "voluminous documents previously produced," reveals an intent not to comply with, or at best an indifference toward, the requirements of the Federal Rules of Civil Procedure.

> When a party discloses a portion of otherwise privileged materials while withholding the rest, the privilege is waived only as to those communications actually disclosed, unless a partial waiver would be unfair to the party's adversary. See, for example, In re Von Bulow, 828 F.2d 94 (2d Cir. 1987). If partial waiver does disadvantage the disclosing party's adversary by, for example, allowing the disclosing party to present a one-sided story to the court, the privilege will be waived as to all communications on the same subject.

Westinghouse Elec. Corp. v. The Republic of Philippines, 951 F.2d 1414, 1426 n.12 (3d Cir. 1991). See also Murray v. Gemplus Int'l, S.A., 217 F.R.D. 362, 367 (E.D. Pa. 2003) (the attorney-client privilege is a shield not a sword; "[w]here one party attempts to utilize the privilege as an offensive weapon, selectively disclosing communications in order to help its case, that party should be deemed to have waived the protection otherwise afforded it by the privilege misused").

In order to determine whether D&W is attempting to use the privilege as a sword by producing some documents which it claims are privileged while withholding others, the court would need to compare the privileged documents produced to the alleged privileged documents not produced. The court need not undertake this endeavor because it has found that D&W has waived the attorney-client privilege in this litigation for failing to assert it on numerous occasions.[5]

**C.   Sanctions**

Defendants seek an award of attorneys fees and costs associated with enforcement of the April 6, 2015 Order. (Defs.' April 20, 2015 Letter at 7.) As explained earlier, D&W's and D&W's Counsels' failure to object to the discovery request or to produce documents clearly

---

[5]   The court also declines to decide whether by bringing this bad faith action, D&W put the advice of counsel at issue and thereby waived the attorney-client privilege on this ground as well.

responsive to the Requests for Production is not "substantially justified."  See Fed. R. Civ. P.

37(a)(5)(A).  To recap, D&W and D&W's Counsel unreasonably withheld documents responsive

to the Requests for Production.  D&W and D&W's Counsel abused the discovery process by

failing, on multiple occasions, to object to defendants' discovery request or to produce

documents clearly responsive to the Requests for Production.  D&W and its counsel have

demonstrated a history of failing to comply with the Federal Rules of Civil Procedure, and these

failures have disadvantaged defendants.[6]  D&W has offered no credible excuse for this conduct.

Thus, the court finds that the actions of D&W and D&W's Counsel were willful and not made in

good faith.  See Roman v. City of Reading, 121 F.App'x 955, 960 (3d Cir. 2005) ("absence of

reasonable excuses may suggest that the conduct was willful or in bad faith") (not precedential).

       The court has no choice but to impose sanctions.  Under Fed. R. Civ. P. 37(a)(5),

the court "must" order D&W to pay reasonable attorney fees and expenses incurred by

defendants in preparing the two letters to the court dated April 20, 2015 (Doc. No. 59) and April

21, 2015 (Doc. No. 62).  As an additional sanction, the court imposes the waiver of the attorney-

client privilege as to the improperly withheld documents at issue herein.  See Fed. R. Civ. P.

37(c)(1)(C); In re Teleglobe Commc'ns Corp., 493 F.3d 345, 386 (3d Cir. 2007) ("[P]reventing a

party from asserting the attorney-client privilege is a legitimate sanction for abusing the

discovery process."); In re 400 Walnut Assocs., L.P, 475 B.R. 217, 231-32 (Bankr. E.D. Pa.

---

[6]     See also Dietz & Watson, Inc., 2015 WL 356949, at *10 (court denied defendants' Motion to Strike D&W's Discovery Motions (Doc. No. 19) for failure to comply with both federal and local rules of civil procedure in the "interests of judicial economy," and explained that "[b]ecause the discovery deadline expires the end of [January], the court has addressed the merits of the motions in order to expedite this matter;" the court did not deny defendants' motion because it lacked merit).

2012) (court found waiver of attorney-client privilege as to a non-party as a sanction for abuse of the discovery process).

      An appropriate order follows.

                               BY THE COURT:

                                /s/ Thomas J. Rueter
                             THOMAS J. RUETER
                             United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DIETZ & WATSON, INC.                    :              CIVIL ACTION

                v.                      :

LIBERTY MUTUAL INSURANCE                :
COMPANY and LIBERTY MUTUAL
FIRE INSURANCE COMPANY                  :              NO.  14-4082


**O R D E R**

    AND NOW, this 5th day of May, 2015, for the reasons stated in the

accompanying Memorandum of Decision, it is hereby

**ORDERED**

    1.    Plaintiff, Dietz & Watson, Inc. ("D&W") shall produce all documents

responsive to defendant Liberty Mutual Insurance Company's and Liberty Mutual Fire Insurance

Company's ("defendants") First Set of Requests for Production Directed to Plaintiff Dietz &

Watson, Inc., as determined by the court in the accompanying Memorandum of Decision, within

ten (10) days from the date of this Order;

    2.    The law firm of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A. shall

produce all documents responsive to the document requests directed to it as determined by the

court in the accompanying Memorandum of Decision, within ten (10) days from the date of this

Order;

    3.    The responsive documents required to be produced in paragraphs 1 and 2

of this Order include, without limitation, those identified in defendants' April 21, 2015 Letter at

footnote 1 (Doc. No. 62);

      4.      D&W's claim of attorney-client privilege is waived as to the improperly withheld documents at issue herein, as not having been timely asserted; and

      5.      Because of the wilfulness, fault and lack of good faith on the part of D&W and D&W's Counsel for failing to produce documents clearly responsive to defendants' discovery requests, and for the other reasons outlined herein, as a sanction, the court orders D&W to pay reasonable attorney fees and expenses incurred by defendants in preparing defendants' two letters to the court dated April 20, 2015 (Doc. No. 59) and April 21, 2015 (Doc. No. 62).  As an additional sanction, the court imposes the waiver of the attorney-client privilege as to the improperly withheld documents at issue herein.

BY THE COURT:


   /s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge